**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**QUENTIN LA GRANDE,**

                     **Plaintiff,**           **1:04-CV-1020**
                                            **(GLS/RFT)**

          **v.**

**KEVIN ANDERSON, VIC PETEANI, and**
**HANNAFORD BROTHERS,**

                     **Defendants.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**FOR THE PLAINTIFF:**

QUENTIN LA GRANDE
Plaintiff, _Pro Se_
276 Sheridan Avenue
Albany, New York 12210

**FOR THE DEFENDANTS:**

WHITEMAN, OSTERMAN     CHRISTOPHER E. BUCKLEY, ESQ.
LAW FIRM
Albany Office
One Commerce Plaza
Albany, New York 12260

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

Pending is defendants' motion to dismiss. *See Dkt. No. 8.*[1]  For the reasons that follow, the motion is granted.

### II. Procedural History

On August 30, 2004, La Grande filed a Title VII race discrimination action against Hannaford Brothers, as well as Hannaford Brothers employees, Kevin Anderson (personnel director) and Vic Peteani (district manager). *See Compl., Dkt. No. 1.*[2]  That same day, La Grande filed an *in forma pauperis* application.  On December 13, 2005, La Grande's IFP application was granted.  *See Dkt. No. 3.*

On December 12, 2005, La Grande filed a motion for permission to file a dual amended complaint in state court.  *See Dkt. No. 5.*  In this motion, La Grande acknowledged that he cannot pursue his claims against the named individual employees under Title VII and therefore requested permission to file separate claims in state court.  *See id.*

---

[1]Also pending are La Grande's motions to file a dual amended complaint in state court and for an extension of time.  *See Dkt. Nos. 5, 22.*

[2]On July 1, 2004, La Grande received a "right to sue" letter from the Equal Employment Opportunity Commission (EEOC).

On March 27, 2006, in lieu of an answer, defendants filed a motion to dismiss.  *See Dkt. No. 8.*[3]  On March 29, the defendants also submitted a letter to the court requesting more time to respond to La Grande's motion to file a dual amended complaint in state court because they were not served with either the summons and complaint, or the motion itself, until March 9.  *See Dkt. No. 10.*  Judge Treece granted this request and gave the defendants additional time to respond.  *See Dkt. No. 13.* Subsequently, defendants requested a conference before Judge Treece to discuss La Grande's motion to pursue claims in state court, and Judge Treece denied this request.  *See Dkt. No 14; Text Order 4/27/06.*

Defendants' motion to dismiss was set for May 4.  *See Text Order 4/13/06.*  La Grande did not file a response and, therefore, the defendants requested an adjournment of the motion and additional time to reply.  *See Dkt. No. 17.*  In lieu of responding, La Grande requested that the court grant him a sixty day stay so that he could obtain an attorney.  *See Dkt. No. 19.*  On April 28, this court granted La Grande's request for a sixty day stay.  *See Dkt. 20.*

––––––––––––––––––––

[3]Judge Treece has adjourned the Rule 16 conference until the resolution of the motion. *See Dkt. No. 9.*

After the passage of sixty days, La Grande did not file a response to defendants' motion to dismiss or obtain representation.  On June 30, this court issued an order which required La Grande to either respond to the motion or notify the court and opposing counsel of his intention not to respond, within fourteen days.  *See Dkt. No. 21.*  La Grande failed to respond.

The motion hearing was reset for August 3.  *See Text Notice 7/20/06.* On July 24, the court received a letter from La Grande requesting an additional 30 day adjournment, and requesting that the defendants respond to his motion to file a dual amended complaint.  *See Dkt. No. 22.*  The defendants opposed the request for an adjournment.  *See Dkt. No. 23.*  On August 8, La Grande submitted an additional letter to the court reiterating his requests.  *See Dkt. No. 24.*  The defendants' motion to dismiss, and La Grande's request for an extension of time and his motion to file a dual amended complaint are now pending.

### III.  Discussion

### A.    Service of Process

Defendants contend that La Grande's action should be dismissed because he did not complete service within the 120 day time frame

required under Federal Rule of Civil Procedure 4(m).  Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court...shall dismiss the action...as to that defendant or direct that service be effected within a specified time; provided that the plaintiff show good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  In support, defendants cite to cases in which *pro se* plaintiffs' actions were dismissed for failure to timely serve.  *See Novak v. Nat'l Broad., Co., Inc.,* 131 F.R.D. 44 (S.D.N.Y. 1990) (dismissing claim of *pro se* parties when the defendant was not served until eight months after filing); *see also Burks v. Griffith*, 100 F.R.D. 491 (N.D.N.Y. 1984) (dismissing claim when defendants were not served until eight months after filing).

The court recognizes that service was completed after the 120 day time frame.  However, given the unusual history of this case, the court concludes that dismissal on the basis of a procedural error is inappropriate.  Accordingly, the defendants' motion to dismiss on this basis is denied.

**B.    Statute of Limitations under the EEOC**

Defendants also contend that La Grande has not complied with the 90 day statute of limitations period applicable to Title VII actions under the

EEOC.  Defendants specifically argue that La Grande was issued a right to sue letter on July 1, 2004, and "the limitations period for [La Grande's] Title VII claim expired on or about October 1, 2004." *Dkt. No. 8.*  Title VII provides that within 90 days of a right-to-sue letter, "a civil action may be brought against the respondent named in the charge."  42 U.S.C. § 2000e-(5)(f)(1).  Federal Rule of Civil Procedure 8(a)(2) provides that "a civil action is commenced by the filing of a complaint in court."  A complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  La Grande filed a complaint with the court on August 30, 2004, well within the 90-days from the issuance of his right to sue letter on July 1, 2004.  *See Compl., Dkt. No. 1.*  Accordingly, the defendants' motion to dismiss on this basis is denied.

**C.    Individual Liability under Title VII**

The defendants argue that at the very least, the court should dismiss La Grande's claims directed at the individual defendants.  It is well settled that there is no individual liability under Title VII.  *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-17 (2d Cir. 1995).  Moreover, La Grande has conceded in his

6

papers that individuals cannot be liable under Title VII, and for that reason, he seeks permission to file a dual amended complaint. *See Dkt. No. 5.* Accordingly, defendants' motion to dismiss against the individual defendants is granted.

**D.    Dual Amended Complaint**

In regards to La Grande's request for permission to file a dual amended complaint in state court, the court denies this motion because it has no authority to grant such a request. Further, if La Grande seeks to file in state court, he may do so on his own accord.

**E.    Extension of Time**

In light of the fact that La Grande has already been granted an additional fourteen days to respond, as well as a sixty day stay, the court denies his request for a further thirty day extension. *See Dkt. Nos. 20, 21.*[4]

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that plaintiff's motion for permission to file a dual amended complaint in state court (**Dkt. No. 5**) is denied; and it is further

**ORDERED**, that plaintiff's motion for an extension of time (**Dkt. No.**

---

[4]The court construed the complaint in the light most favorable to La Grande, even though he failed to respond.

7

**22**) is **DENIED**; and it is further

ORDERED, that defendants' motion to dismiss (**Dkt. No. 8)** is

**DENIED** as to defendants' claims that La Grande failed to perform timely

service and comply with the statute of limitations; and it is further

ORDERED, that defendants' motion to dismiss (**Dkt. No. 8**) on the

basis of individual liability under Title VII is **GRANTED**, and defendants

Kevin Anderson and Vic Peteani are dismissed from the action; and it is

further

ORDERED that the Clerk of the Court provide a copy of this Order

to the parties.

**IT IS SO ORDERED**.

August 29, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge